1

2

3

4

5

6

7

8

UNITED STATES DISTRICT COURT

9

FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11

NORMA DOLORES CHAVEZ
ALVAREZ,

12

Plaintiff,

13

v.

14

COMMISSIONER OF SOCIAL
SECURITY,

15

16

Defendant.

17

No.  1:19-cv-01373-EPG

**FINAL JUDGMENT AND ORDER
REGARDING PLAINTIFF'S SOCIAL
SECURITY COMPLAINT**

 (ECF No. 17)

18        This matter is before the Court on Plaintiff's complaint for judicial review of an

19   unfavorable decision by the Commissioner of the Social Security Administration regarding her

20   application for Disability Insurance Benefits and Supplemental Security Income. The parties have

21   consented to entry of final judgment by the United States Magistrate Judge under the provisions

22   of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 6,

23   8, 24).

24        At a hearing on December 10, 2020, the Court heard from the parties and, having

25   reviewed the record, administrative transcript, the briefs of the parties, and the applicable law,

26   finds as follows:

27   ///

28   ///

1

1    I.      **ANALYSIS**

2           A.      **Failure to Develop Record**

3           Plaintiff challenges the decision of the Administrative Law Judge ("ALJ"), on the ground

4    that the ALJ failed to develop the record adequately in light of her *pro se* status and mental

5    impairments.

6           The Ninth Circuit has provided the following legal standards considering an ALJ's duty to

7    develop the record when a claimant is unrepresented:

8           When a claimant appears at a hearing without counsel, the ALJ must
            "scrupulously and conscientiously probe into, inquire of, and explore for all the
9           relevant facts. He must be especially diligent in ensuring that favorable as well as
            unfavorable facts and circumstances are elicited." *Cox v. Califano,* 587 F.2d 988,
10          991 (9th Cir.1978). *See also Vidal v. Harris,* 637 F.2d 710, 713 (9th Cir.1981).
            Lack of counsel does not affect the validity of the hearing unless the plaintiff can
11          demonstrate prejudice or unfairness in the administrative proceedings. *Vidal,* 637
            F.2d at 713.
12

13   *Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985).

14          Although Plaintiff, in her opening brief, raised substantial questions about whether the

15   waiver of her right to an attorney was knowing and intelligent, (ECF No. 17 at 26-30),[1] Plaintiff

16   does not show prejudice. While Plaintiff briefly argues that the ALJ did not provide clear and

17   convincing reasons to reject her testimony, she did not address the reasons given by the ALJ. (*See*

18   A.R. 26) (providing various reasons for discounting Plaintiff's testimony), and does not explain

19   how the ALJ's finding on this issue was affected by Plaintiff's lack of an attorney. Therefore, the

20   Court will not remand the case on this ground.

21          B.      **Medical Opinion Testimony**

22          Plaintiff challenges the decision of the Administrative Law Judge ("ALJ"), on the ground

23   that he improperly gave little weight to the opinion of Plaintiff's treating physician, Dr. John

24   Abordo, DPM.  The Ninth Circuit has held regarding such opinion testimony:

25   ──────────────

26   [1] *Mikki v. Berryhill*, No. 17-CV1103-GPC(MDD), 2018 WL 4026388, at *3 (S.D. Cal. Aug. 23, 2018) ("While a
     claimant has a statutory right to counsel at a hearing before an ALJ, he or she may waive the right and proceed
27   without counsel as long as the waiver is knowing and intelligent." (citing *Duns v. Heckler*, 586 F. Supp. 359, 364
     (N.D. Cal. 1984))); *but cf. Roberts v. Comm'r of the Soc. Sec. Admin.*, 644 F.3d 931, 933-34 (9th Cir. 2011) (holding
28   that Commissioner discharges duty to provide claimants with information about counsel by providing in writing the
     information specified by 42 U.S.C. § 406(c)).

1

2

3

4

5

6

7

8

9

10

11

12

13

      The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

14 *Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).  Dr. Abordo's opinion is contradicted by

15 two non-examining state agency medical consultants.  Thus, this Court examines whether the ALJ

16 provided specific and legitimate reasons supported by substantial evidence for giving little weight

17 to Dr. Abordo's opinions.

18       While the parties agree that this is the correct legal test, it is worth noting at the outset that

19 the two non-examining state physicians also found significant limitations to Plaintiff's ability to

20 stand and walk, although not as extreme as the limitations found by Dr. Abordo.  Specifically,

21 with respect to Plaintiff's ability to stand and walk in an eight-hour workday, Dr. Abordo opined

22 Plaintiff could do so for less than two hours (A.R. 437), whereas the two non-examining state

23 physicians opined she could do so for four hours (A.R. 100, 123).  The ALJ's conclusion that

24 Plaintiff could stand and walk for six hours was thus not supported by Dr. Abordo or the state

25 agency physicians.

26       The ALJ stated the following concerning Dr. Abordo's opinion:

27

28

      The undersigned gives little weight to Dr. Abordo's opinions. The limitations he assessed with respect to standing and walking are overly restrictive given the

documented findings. Despite the history of lower extremity pain and surgery, the findings from the physical examinations documented intact neurological findings, which included normal strength in the lower extremities and intact sensation (Ex. 11F/60, 77, 180, 186, 190, 227, 254, 271, 303, 308). In addition, while some of the notes documented an antalgic gait, others documented a normal gait (Ex. 11F/59, 77, 126, 158, 171, 271, 303, 308).

(A.R. 30). These reasons are sufficiently specific. However, they are not necessarily legitimate.

As mentioned above, Dr. Abordo determined that Plaintiff can "stand and/or walk" for less than two hours in an eight-hour workday. (A.R. 437). Dr. Abordo stated his conclusions were based on "chronic pain both ankles[,] difficulties with ankle range of motion and weight bearing[.]" (*Id.*). Likewise, in a treating source statement on September 13, 2017, Dr. Abordo opined that:

The patient has chronic pain on both ankles and subtalar joints. She has a history of injuries to both ankle[s]. On the right, the patient has a history of calcaneal-fibular ligament derangement and peroneal tendinopathy as well as osteoarthritis of the calcaneal-cuboid joint. On the left, she has a history of tibiotalar effusion, flexor tenosynovitis and synovial cyst on the anterolateral aspect of the ankle. The patient has had cortisone injections before with short term relief. She has also been prescribed Richie braces and orthotics with no significant improvement. *Pain is more when standing or walking*. She has difficulties weightbearing and *currently* limps when walking.

(A.R. 942) (emphases added). It is also worth noting that Plaintiff herself testified that, due to her pain, she could not stand more than ten consecutive minutes per hour and would struggle to walk 25 yards in an hour. (A.R. 66-67).

With the record in mind, the Court turns to the ALJ's reasons for discounting Dr. Abordo's opinion. The first reason was "intact neurological findings, which included normal strength in the lower extremities and intact sensation." (A.R. 30). The ALJ cited to records such as those at A.R. 537, which noted that Plaintiff's lower extremity strength was normal, including in Plaintiff's ankle and foot, and that Plaintiff's sensations were intact. (*See also, e.g.,* A.R. 554) (same). However, these findings do not contradict Plaintiff's pain, range of motion, or weight-bearing ability, which were the reasons for Dr. Abordo's limiting opinion. (A.R. 437). In fact, some of the same pages that note normal lower extremity strength and intact sensations also find that Plaintiff was in pain. (*See, e.g.,* A.R. 537 ("motion is with pain"); 554 (same and noting

4

1    10/10 pain)).

2           Next, the ALJ cites to Plaintiff's sometimes-normal, and sometimes-antalgic gait. (A.R.

3    30). However, as before, the fact that Plaintiff sometimes had a normal gait (and sometimes did

4    not) does not address Dr. Abordo's opinion about Plaintiff's pain and related impairments. In fact,

5    some of the cited exams note both pain and a non-antalgic gait. (*See, e.g,* A.R. 603 ("No antalgic

6    gait" and noting 8/10 pain); 635 (noting "No antalgic gait" but also concluding Plaintiff had

7    "Sinus tarsi syndrome of left ankle" and "Significant tenderness to palpation of the left sinus tarsi

8    region")).

9           Moreover, the most recent record the ALJ cited to discount Dr. Abordo's opinion was

10   from May 2016. (A.R. 785). As the ALJ noted, Plaintiff had knee surgery in July 2017. (A.R.

11   346). The ALJ did not consider how the knee surgery would have affected Plaintiff's gait or Dr.

12   Abordo's September 2017 finding that Plaintiff "currently limps when walking." (A.R. 942).

13          Thus, while the ALJ provides specific reasons, they are not legitimate in that none of the

14   reasons given, or the citations to the record, cast doubt on the bases of Dr. Abordo's opinion, *i.e.,*

15   pain, lack of range of motion, and weight-bearing difficulties. Given the legal standards above,

16   the deference given to treating physicians, and especially in light of similar findings by state

17   agency physicians, the Court finds that the ALJ's reasons are not sufficiently legitimate and that

18   the ALJ erred in discounting the opinion of the treating physician without providing specific and

19   legitimate reasons supported by substantial evidence for doing so. Accordingly, the Court will

20   grant Plaintiff's request and remand for further determinations in light of this order.

21   **II.    CONCLUSION AND ORDER**

22          The Court thus remands this case to the ALJ and directs the ALJ upon remand to consider

23   Dr. Abado's medical opinions in light of this decision, and to evaluate whether the limitations

24   reflected therein would render Plaintiff disabled as defined in the Social Security Act.

25   \\\

26   \\\

27   \\\

28   \\\

5

Accordingly, the decision of the Commissioner of the Social Security Administration is REVERSED and REMANDED for further administrative proceedings consistent with this opinion.

IT IS SO ORDERED.

Dated:   __**February 15, 2021**__          /s/ *Ernie P. Gross*
                                        UNITED STATES MAGISTRATE JUDGE