UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMA DOLORES CHAVEZ-ALVAREZ,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | No.  1:19-cv-01373-EPG<br><br>ORDER GRANTING, IN PART, PLAINTIFF'S MOTION FOR ATTORNEY FEES UNDER EAJA<br><br>(ECF No. 29) |

Plaintiff Norma Dolores Chavez-Alvarez moves the Court for an award of $14,680.67 in attorney fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 (EAJA).[1] (ECF No. 29; *see* ECF No. 33-1, p. 3). Defendant, the Commissioner of Social Security, opposes Plaintiff's motion, arguing that the Social Security Administration's position was substantially justified, and that Plaintiff's fee request is unreasonable. (ECF No. 32). For the reasons given below, the Court grants Plaintiff's motion, in part, and awards attorney's fees under the EAJA in the amount of $13,212.60.

**I.　　BACKGROUND**

On September 30, 2019, Plaintiff filed a complaint challenging the denial of benefits by an Administrative Law Judge (ALJ). (ECF No. 1.) The Court issued a scheduling order outlining

---

[1] Plaintiff requested $14,267.13 in her motion. (ECF No. 29, p. 1). However, the reply brief requests $14,680.67 to account for the two additional hours spent on preparing the reply. (ECF No. 33-1, p. 3).

1

procedural steps and corresponding deadlines to be followed in this case. (ECF No. 5). In order to promote early settlement in social security cases, thereby saving time and resources for all parties, the scheduling order included a requirement that the parties exchange succinct, confidential letter briefs prior to submitting formal briefs with fully developed arguments to the Court. (*Id.* at 1-2). This process allows the parties to vet and discuss potential reasons for remanding the matter, so as to obviate formal briefing and adjudication on the merits by the Court if the case can be resolved informally. The scheduling order indicates that an opening brief is to be filed with the Court only in the event that Defendant does not agree to remand the matter. (*Id.* at 2).

In this case, Defendant did not agree to remand the matter for further proceedings, and the parties proceeded with formal briefing. (ECF Nos. 17, 18, 20). The Court heard oral argument from the parties on December 10, 2020 (ECF No. 26) and subsequently issued an order and final judgment in favor of Plaintiff and against Defendant (ECF No. 27). Plaintiff then filed the instant motion for attorney fees. (ECF No. 29).

**II.   DISCUSSION**

The Equal Access to Justice Act provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).

**A.   Defendant's Position was not "Substantially Justified"**

The government has the "burden to show that its position was substantially justified." *Meier v. Colvin*, 727 F. 3d 867, 870 (9th Cir. 2013). The government's position includes both its "litigation position and the underlying agency action giving rise to the civil action." *Id.* Thus, if the underlying agency action, here the ALJ's determination, was not substantially justified, an award of attorney fees is warranted. *Id.* at 872 ("Because the government's underlying position was not substantially justified, we need not address whether the government's litigation position

was justified."). And, even if the government's position at the agency level was substantially justified, attorney fees are still warranted if the government's subsequent litigation position was not substantially justified. *Id.*

"Substantial justification means justified in substance or in the main−that is, justified to a degree that could satisfy a reasonable person." *Id.* (internal quotation marks and citation omitted). Put differently, to be substantially justified, "the government's position must have a reasonable basis both in law and fact." *Id.* (internal quotation marks and citation omitted).

Here, the central dispute on which the Court rested its decision to remand this case for further administrative proceedings concerned whether the ALJ improperly gave little weight to the opinion of Plaintiff's treating physician, Dr. John Abordo, DPM. (ECF No. 27, p. 2). Because Dr. Abordo's opinion was contradicted by two non-examining state agency medical consultants, the Court considered whether the ALJ provided specific and legitimate reasons supported by substantial evidence for assigning little weight to Dr. Abordo's opinion. (*Id.* at 3).

At the outset, the Court noted that the ALJ's conclusion that Plaintiff could stand and walk for six hours was not supported by Dr. Abordo's opinion, who opined that Plaintiff could do so for less than two hours, and was also not supported by the two non-examining state physicians, who opined that she could do so for four hours. (*Id.*). Turning to the ALJ's reasons for discounting Dr. Abordo's opinion, the Court concluded that the ALJ's citation to records, indicating that Plaintiff's lower extremity strength was normal (including in Plaintiff's ankle and foot) and that Plaintiff's sensations were intact, did not contradict Plaintiff's pain, range of motion, or weight-bearing ability, which were the reasons for Dr. Abordo's limiting opinion. (*Id.* at 4).

Similarly, the ALJ's citation to Plaintiff's sometimes-normal, and sometimes-antalgic gait did not address Dr. Abordo's opinion about Plaintiff's pain and related impairments, emphasizing that, in fact, some of the cited exams noted both pain and a non-antalgic gait. (*Id.* at 5). Lastly, the most recent record that the ALJ cited to discount Dr. Abordo's opinion was from May 2016, before Plaintiff had knee surgery in July 2017. Thus, the ALJ failed to consider how the knee surgery would have affected Plaintiff's gait or Dr. Abordo's September 2017 finding that Plaintiff

"currently limps when walking." (*Id.*). In reviewing the record, the Court concluded that, while the ALJ provided specific reasons for rejecting Dr. Abordo's opinion, the reasons were not legitimate so as to discount Dr. Abordo's opinion. (*Id.*). Confirming the Court's determination that the position was not substantially justified is the fact that the ALJ failed to take into account the significant limitations found by the two non-examining state physicians in denying Plaintiff benefits.

Defendant asserts that the government's position at the administrative level was substantially justified "because other courts have regarded similar findings [to those of the ALJ here] as legitimate reasons for rejecting medical source opinions." (ECF No. 32, pp. 4). Defendant does not discuss in substance any court opinions, but includes a string cite to various cases. Even assuming that these cases are similar enough to the facts of this case to prove a fair comparison, as the Supreme Court has noted in the EAJA context, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified," although, it "can be indicative" of the substantial justification of a position. *Pierce v. Underwood*, 487 U.S. 552, 569 (1988) (emphasis added).

Because any other opinion by another court is not outcome determinative of the substantial justification of the Defendant's position in this case, the Court need not parse out the differences between all the cases presented in the string cite and the instant case. *See id.* ("We will not parse these arguments further. Respondents' side of the case has at least sufficient force that we cannot possibly state, on the basis of these objective indications alone, that the District Court abused its discretion in finding no substantial justification."). However, to consider one example, the Court notes that Defendant cites an opinion from this court, *Carr v. Comm'r of Soc. Sec.* 2021 WL 1721692, (E.D. Cal. Apr. 30, 2021), and describes the case as "affirming ALJ's rejection of medical opinions limiting the claimant's standing and walking based on evidence of normal gait." (ECF No. 32, p. 5). As part of the *Carr* order, the Court noted that findings of "a normal gait" were inconsistent with treating providers' opinions "for a limited ability to walk." *Id.* at *8. However, the main rationale for the Court's opinion was that the treating providers' opinions were not supported by their own notes, *e.g.*, there were inconsistencies between the

plaintiff's reported pain level and the treating providers' findings of "extreme limitations." *Id.* In the instant case, the Court did not conclude that Plaintiff's treating physician's opinion was inconsistent with the physician's own records. Thus, given the differences in the factual circumstances and legal underpinnings of the two cases, the Court does not find *Carr* to be "objective indicia" that Defendant's position at the administrative level was substantially justified. *Pierce*, 487 U.S. at 569.

Defendant's defense of the ALJ's decision was thus not substantially justified, and Plaintiff is entitled to reasonable attorney fees under the EAJA. *See Shafer v. Astrue*, 518 F.3d 1067, 1069-72 (9th Cir. 2008) (reversing district court's denial of EAJA fees where ALJ erred in rejecting, without explanation, a non-examining doctor's opinion, in contravention of governing regulations requiring ALJ to evaluate every medical opinion received); *Hooker v. Comm'r of Soc. Sec. Admin.*, No. CV-13-02616-PHX-JAT, 2017 WL 4024643, at *3 (D. Ariz. Sept. 13, 2017) ("Due to the multiple errors committed by the ALJ, and a lack of legitimate reasons for the Government's position, the Government's defense of the ALJ's decision was not substantially justified.").

**B. Reasonableness of Plaintiff's Requested Attorney Fees**

Defendant argues that, even if Plaintiff is entitled to EAJA fees, the amount of fees requested is unreasonable. (ECF No. 32, p. 6).

Under the EAJA, attorney fees must be reasonable. 28 U.S.C. § 2412(d)(1)(A); *Perez–Arellano v. Smith*, 279 F.3d 791, 793 (9th Cir. 2002). By statute, hourly rates for attorney fees under the EAJA are capped at $125 per hour, but district courts are permitted to adjust the rate to compensate for increases in the cost of living. *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) ("On March 29, 1996, the statute was amended to increase the maximum fee to $125 per hour, plus any 'cost of living' and 'special factor' adjustments. The $125 per hour cap applies to cases commenced on or after March 29, 1996."). In the Ninth Circuit, the statutory maximum EAJA rates for the years at issue, 2020 and 2021, are $207.78 (2020) and $213.74 (First Half of

2021).[2]

Determining a reasonable fee "requires more inquiry by a district court than finding the 'product of reasonable hours times a reasonable rate.'" *Atkins v. Apfel*, 154 F.3d 986, 988 (9th Cir. 1998) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court must consider "the relationship between the amount of the fee awarded and the results obtained." *Id.* at 989. Counsel for the prevailing party should exercise "billing judgment" to "exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary," as a lawyer in private practice would do. *Hensley*, 461 U.S. at 434; *see also Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008) ("The number of hours to be compensated is calculated by considering whether, in light of the circumstances, the time could reasonably have been billed to a private client.").

The Court must "provide a concise and clear explanation of the reasons" for its attorney award calculation. *Hensley*, 461 U.S. at 433; *Sorenson*, 239 F.3d at 1145. A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary. *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988). "Hours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Hensley*, 461 U.S. at 434. The applicant bears the burden of demonstrating the reasonableness of the fee request. *Blum v. Stenson*, 465 U.S. 886, 897 (1984).

Here, Plaintiff requests an hourly rate of $206.77, which is just under the maximum statutory rates of $207.78 (2020) and $213.74 (2021). (ECF No. 29, p. 2). Defendant does not contest the hourly rate, and the Court finds it to be reasonable in light of the quality of counsel's work and results obtained for Plaintiff.

Plaintiff requests compensation for a total of 71 hours of work. (*See* ECF No. 33-1, p. 3). Multiplying the hourly rate ($206.77) by the hours worked (71 hours) yields a total of $14,680.67. Plaintiff's counsel provides the following details for the hours for which Plaintiff seeks an award

---

[2] *See* https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039.

of fees. Counsel represents that this is the time he spent preparing and handling this case before the U.S. District Court:

| Date | Service | Time |
| --- | --- | --- |
| 4/1/20 | **First/Initial** review of case: ALJ and Appeals Council decision and entire administrative file | 4.0 |
| 4/3/20 | Letter Brief Draft-detailing MSS, Case law research TP Rule | 6.50 |
| 7/3/20 | Begin detailed summary of medical evidence for Opening Brief (OB) | 8.0 |
| 7/6/20 | Research cherry picking re: TP rule/ "knowing waiver;" detail testimony | 6.5 |
| 7/7/20 | Begin Argument RE: ALJ rejected TP Argument not supported by S&L Reasons; review ALJ's citations in conjunction with summary of medical evidence | 8.5 |
| 7/9/20 | Continue Drafting Arguments re: medical evidence/ALJ playing doctor and cherry picking; "knowing waiver" of right to counsel | 8.25 |
| 7/10/20 | Finalize Opening Brief/arguments-check citations | 3.5 |
| 8/5/20 | Review Defense Opposition-notes for Reply | 1.5 |
| 8/17/20 | Begin Research-Defense case law citations | 7.50 |
| 8/18/20 | Begin Draft Reply/address Defense specific TP Rule arguments/Waiver | 8.75 |
| 8/20/20 | Finalize/Edit Reply-add FN re: specific TP evidence at issue-check citations | 2.0 |
| 12/5/20 | Preparation for scheduled hearing with Magistrate (3.0 hrs) | 0 |
| 12/10/20 | attendance of hearing. (.50 hrs) | 0 |
| 4/21/21 | Draft Declaration/Itemization of Time for EAJA | 1.5 |
| 5/12/21 | Draft EAJA Motion | 2.5 |
| 6/24/21 | Reply to Def's Opposition to EAJA Motion | 2.0 |

Defendant argues that Plaintiff's requested hours are unreasonable and that the Court "should reduce those hours and award a reasonable fee of no more than $5,014.18." (ECF No. 32, p. 7). As an initial matter, Defendant generally criticizes Plaintiff's use of "a block-billing format," asserting that it complicates the review of the actual hours that counsel spent on each task. (*Id.* at 10). Second, Defendant states that Plaintiff's confidential letter brief was "single-spaced and five pages and set forth in detail an argument regarding treating source Dr. Abordo's

1  opinion," contending that it served as a template for Plaintiff's opening brief (which was 40 pages
2  double-spaced counting the table of authorities) with the opening brief copying verbatim portions
3  of the confidential letter brief. (*Id.* at 7). Lastly, Defendant argues that, "Plaintiff's counsel bills
4  for considerable time to convert this detailed letter into an opening brief, presumably because
5  counsel dedicated many hours to presenting an argument that Plaintiff had not knowingly waived
6  her right to representation at the [administrative] hearing." (*Id.* at 8). However, the Court "should
7  not compensate Plaintiff's counsel for the hours dedicated to this argument because Plaintiff's
8  counsel failed to demonstrate how any purported error prejudiced Plaintiff." (*Id.*).

9      In response, Plaintiff argues that Defendant overestimates the amount of the opening brief
10 that was copied from the confidential letter brief and that the fact that she did not prevail on her
11 argument regarding her waiver to representation of counsel at the administrative hearing does not
12 mean she should not recover fees expended on that argument. (ECF No. 33, pp. 4-7).

13     After considering each party's arguments, the Court concludes that a ten percent reduction
14 in the award of fees is appropriate. Beginning with Defendant's general criticism of the use of a
15 block-billing format, the Court agrees that the identification of several tasks within one time entry
16 that does not specify how much time it took to complete each of the tasks recorded in the entries
17 makes it difficult for courts to determine the reasonableness of the hours for which compensation
18 is sought. As observed by the Ninth Circuit, "block billing makes it more difficult to determine
19 how much time was spent on particular activities." *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942,
20 948 (9th Cir. 2007). Further, although counsel is "not required to record in great detail how each
21 minute of [her] time was expended," *Hensley*, 461 U.S. at 437 n.12, "counsel bears the burden of
22 submitting detailed time records justifying the hours claimed to have been expended." *Yeng*
23 *Xiong v. Astrue*, No. 1:10-cv-01671-JLT, 2012 WL 4210121, at *3 (E.D. Cal. Sept. 19, 2012)
24 (quoting *Chamers v. City of Los Angeles*, 796 F.2d 1205, 1210 (9th Cir. 1986)). Here, although
25 the billing record does contain some entries billing for work on a variety of issues (billing 8.25
26 hours on July 9, 2020 for "[c]ontinue [d]rafting [a]rguments re: medical evidence/ALJ playing
27 doctor and cherry picking; 'knowing waiver' of right to counsel), the Court concludes that the
28 billing record as a whole sufficiently identifies the time spent on each activity to allow the Court

to determine the reasonableness of the time counsel spent on the various tasks. (*See* ECF No. 33-1).

Next, in reviewing Plaintiff's hours, the Court is mindful that, "[b]y and large, the court should defer to the winning lawyer's professional judgment as to how much time was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno*, 534 F.3d at 1112. With this deference in mind, and considering the circumstances of this case, including that the case was fully briefed and oral argument was presented, the Court does not find the time spent by Plaintiff's counsel to be duplicative. Although Plaintiff admittedly copied from some portions of the 5-page (single-spaced) confidential letter brief (ECF No. 33, pp. 6-7), the fact that the opening brief was 40 pages (double-spaced) supports Plaintiff's argument that "significant efforts" went into drafting the opening brief.[3] (*Id.* at 6). Even with some overlap between the briefing, the time claimed is reasonably expected so that counsel could re-familiarize himself with the case, conduct additional legal research, and draft specific and polished arguments in support of remand. (*See id.* at 7 ("In contrast, as is customary in an informal letter brief, there was only a generalized argument laid out including the MSS at issue and the basic premise of the treating physician rule; however, no facts were applied to the law in the Letter Brief and plaintiff would never have prevailed with the Court on this issue by failing to do so.")).

Lastly, Defendant argues that the Court should disallow fees for the time Plaintiff spent on her argument regarding her waiver of counsel for the administrative hearing, characterizing the argument as "a confused hodgepodge of citations to comments made by Plaintiff and the ALJ at the hearing, mostly taken out of context, in an apparent effort to demonstrate Plaintiff's inability to make an informed choice about representation." (ECF No. 32, p. 8). Plaintiff argues that the Court should not reduce the fee award just because she did not prevail on this issue and notes that the Court did not treat the argument as completely meritless. (ECF No. 33, p. 4-5).

The Court finds some merit in each of the party's arguments as to the fees related to the

---

[3] Additionally, the Court notes that Plaintiff's counsel represents that the administrative history portion of the opening brief, which Defendant criticizes Plaintiff for copying from the confidential letter brief, "was never specifically billed for." (ECF No. 33, pp. 6-7).

waiver issue. Accordingly, it will exercise its discretion to reduce the total award by ten percent. *See Moreno*, 534 F.3d at 1112 (noting that a district court may "impose a small reduction, no greater than 10 percent—a 'haircut'—based on its exercise of discretion"); *see Lang v. Saul*, No. 1:18-CV-01605-SKO, 2020 WL 4339496, at *6 (E.D. Cal. July 28, 2020) (citing *Moreno* to apply a ten-percent reduction in the EAJA context in a social security case).

When cases have claims revolving around a common core of facts, "[s]uch a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435; *see Bernal v. Comm'r of Soc. Sec.*, No. 1:13-CV-00707-BAM, 2015 WL 6951292, at *5 (E.D. Cal. Nov. 10, 2015) ("Social Security appeals have been likened to a single claim for relief based on one set of facts and involving related legal theories."). However, at the same time, counsel must make a good faith effort to exclude "otherwise unnecessary" hours from a fee request. *Hensley*, 461 U.S. at 434.

While the Court did not find Plaintiff's argument concerning the waiver of her right to an attorney to be frivolous (and even noted that Plaintiff's opening brief "raised substantial questions about whether the waiver of her right to an attorney was knowing and intelligent") it did conclude that Plaintiff failed to show prejudice because she failed to explain how the ALJ's findings were affected by Plaintiff's lack of an attorney, which was a necessary legal component of that argument. (ECF No. 27, p. 2). Under these circumstances, the Court deems that a small reduction in fees is warranted.

Subject to a ten percent reduction, the time expended by Plaintiff's counsel on the various tasks, and the total time of 71 hours for which recovery is sought, is reasonable in light of the issues in the case and the roughly 1000 pages of administrative record. *See Truong v. Berryhill*, No. 3:17-cv-02179-BEN-RNB, 2019 WL 1863655, at *4 (S.D. Cal. Apr. 24, 2019) ("The Court disagrees with Defendant's recommendation and finds Plaintiff's request of 71.25 hours reasonable. Considering the amount of time that social security cases generally take, the claimed hours here are reasonable.").

\\\

### III. CONCLUSION AND ORDER

Based on the foregoing, and subject to a ten percent reduction, the Court finds Plaintiff's counsel reasonably expended 71 hours litigating this case at an hourly rate of $206.77 for a total award of $13,212.60.[4] Accordingly, IT IS ORDERED as follows:

1. Plaintiff's motion for attorney fees and expenses under the EAJA (ECF No. 29) is GRANTED, in part;

2. Plaintiff is awarded attorney fees under the EAJA in the amount of $13,212.60;

3. The Commissioner is respectfully directed to determine whether Plaintiff's EAJA attorney's fees are subject to any offset permitted under the United States Department of the Treasury's Offset Program and, if the fees are not subject to an offset, to cause payment of fees to be made directly to Plaintiff unless the Government decides to accept the assignment of fees; and

4. The Commissioner is directed to mail the payment to Plaintiff's counsel.

IT IS SO ORDERED.

Dated:  **July 29, 2021**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

---

[4] 71 hours x $206.77 = $14,680.67. 10% x $14,680.67 = $1,468.067 (which the Court will round up to $1,468.07). $14,680.67 - $1,468.07 = $13,212.60.